ORIGINAL
D+F
C/M
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 18 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
NIGEL ALEXANDER,

        Petitioner,

   -against-

THOMAS POOLE, Superintendent of Five
Points Correctional Facility,

        Respondent.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**
No. CV-04-3712 (FB)

*Appearances:*

*For the Petitioner:*
NIGEL ALEXANDER, *Pro Se*
#01-A-3062
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, NY 14541

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
  By: KEITH DOLAN, ESQ.
Renaissance Plaza at 350 Jay Street
Brooklyn, NY 11201-2908

**BLOCK, District Judge:**

    *Pro se* petitioner Nigel Alexander ("Alexander") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his convictions in the New York Supreme Court, Kings County, for murder and criminal possession of a weapon. Alexander claims that he was deprived of due process, a fair trial and the right to present a defense because the trial court refused to instruct the jury that he was justified to use deadly force to prevent a robbery. Alexander's claims were presented to and rejected by the Appellate Division, Second Department, *see People v. Alexander*, 303 A.D.2d 518 (2d Dep't 2003), and were fully

1

exhausted when the New York Court of Appeals denied leave to appeal. *See People v. Alexander*, 100 N.Y.2d 536 (2003) (table). For the reasons set forth below, his petition is denied.

## STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a federal claim has been "adjudicated on the merits" by a state court, the state court's judgement is entitled to substantial deference. *See* 28 U.S.C. § 2254(d). For claims "adjudicated on the merits," *habeas* relief may not be granted unless the state court decision 1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or 2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives" at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it unreasonably applies Supreme Court precedent to the particular facts of a case. *See id.* at 409.

2

## DISCUSSION

Only federal issues may be raised on *habeas* review, *see* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); an issue of state law, however, is cognizable on *habeas* review where either a misapplication of state law or the state law itself violates a federal right. *See, e.g., Ponnapula v. Spitzer*, 297 F.3d 172, 187 (2d Cir. 2002) ("[A] federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States."); *Rock v. Arkansas*, 483 U.S. 44 (1987) (*habeas* granted where state rule violated a federal right). It is undisputed that New York's law on justification is constitutional, *see Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001); at issue is only whether New York's law on justification was erroneously applied in a manner that violated a federal right.

The Second Circuit has explained that *habeas* relief is available for a trial court's refusal to provide a jury instruction on justification, "where the evidence supported a justification charge under state law and where the erroneous failure to give such a charge was sufficiently harmful to make the conviction unfair." *Strack*, 270 F.3d at 123 - 24. The Court's "role . . . is not to interpret New York's law of justification, but to determine whether the evidence was sufficient to warrant a justification charge under that law." *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (citation omitted).

"Under New York law, in determining whether the evidence warrants a justification charge, the court must assess the record in the light most favorable to the

3

defendant." *Strack*, 270 F.3d at 124-25. "[T]he jury must be instructed on all claimed defenses which are supported by a *reasonable* view of the evidence – not by *any* view of the evidence, however artificial or irrational." *People v. Butts*, 72 N.Y.2d 746, 750 (1988) (emphasis added). "[W]hen no reasonable view of the evidence would support a finding of the tendered defense, the court is under no obligation to submit the question to the jury." *People v. Watts*, 57 N.Y.2d 299, 301 (1982).[1]

New York Penal Law § 35.15 provides that an individual may use deadly force when he reasonably believes that another person (1) is about to use deadly physical force against the individual or a third person and he cannot retreat with "complete personal safety, to oneself and others"; or (2) "that such other person is committing or attempting to commit a . . . robbery . . . ." A person commits a robbery when he "uses or threatens the immediate use of physical force upon another person" to "[c]ompel[] the owner of such property . . . to deliver up the property." N.Y. Penal L. § 160.00.

At trial, Alexander testified in his own defense; no other testimony was presented on his behalf. Following are the relevant facts, gleaned from Alexander's testimony, viewed in the light most favorable to Alexander: Alexander was present when a verbal altercation erupted outside a barbershop; two men, "Armando" and "Buck,"

---

[1] New York's law tracks federal law. *See United States v. McCarthy*, 271 F.3d 387, 396 (2d Cir. 2001) ("Criminal defendants have the right to a charge which reflects the defense theory. . . . Indeed, defendants are entitled only to have instructions presented which adequately apprise the jury of . . . their defense--assuming of course that their defense theory did have a basis in law and in the evidence." (internal citations and quotations omitted)).

demanded that a third man, "Rall," return a watch that Armando had sold him the previous week. Rall informed the men that they "c[ould]n't get it back"; one of them responded that he would "have to take it." Tr. at 423.[2] Buck and Armando then left the area by car, one of them threatening, "I'm going to get my gun, I'm going to kill these dudes." Tr. at 423. Shortly thereafter, Buck and Armando returned with two additional men, "Dwayne" and Dominick Barry ("Barry"). One of the four men now told Rall that he would "have to pay [the men] for [the watch]." Tr. at 425. Approximately five minutes later, one of the men then pointed a gun towards Rall and Alexander; Alexander thought that one of the men "was gonna kill [Rall or him]" so he "pulled the gun out, and . . . fired . . . [,]" fatally wounding Barry. Tr. at 427.

The trial court agreed to charge the jury on justification based on self-defense or defense of a third person but refused a justification instruction based on preventing a robbery. The Appellate Division, on the merits, held that "[v]iewing the testimony in the light most favorable to the defendant, there is no reasonable view of the evidence from which the jury could have concluded that the victim or his friends were committing or were attempting to commit a robbery." *Alexander*, 303 A.D.2d at 518-19 (internal citations omitted).

The Appellate Court's determination was neither an unreasonable application

---

[2] Tr. refers to the trial transcript.

5

of clearly established Supreme Court precedent nor based on an unreasonable determination of the facts in light of the evidence. Based on the Court's review of the record, the Court agrees that there is no *reasonable* view that would support Alexander's contention that he shot Barry to prevent a robbery; the only reasonable defense offered by Alexander is that he was acting in self-defense. Thus, Alexander's petition must be denied.

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Cardell has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

s/Frederic Block
FREDERIC BLOCK
United States District Judge

Brooklyn, New York
April 15, 2005